EDWARDS, Judge.
The State Mineral Board, defendant-appellant, appeals the trial court’s judgment awarding possession of a portion of the Amite riverbed to plaintiffs. We affirm.
*881 BACKGROUND FACTS
On November 12,1980, the State Mineral Board issued a notice to prospective bidders regarding the lease sale of a portion of the Amite riverbed in East Feliciana and St. Helena Parishes. On December 17, 1980, a group of riparian landowners (Harb, et al) in St. Helena Parish filed a possessory action alleging that the notice disturbed their respective possessions of the riverbed.[1] Similarly, on December 30,1980, a group of riparian landowners (Chaney, et al) in East Feliciana Parish also filed a possessory action regarding their possessions of the riverbed.[2] Plaintiffs also sought and obtained a preliminary injunction postponing the lease sale. These two suits were consolidated and subsequently tried on May 12, 1981, in the Twentieth Judicial District Court, Parish of East Feliciana.
At trial, the plaintiffs testified as to the various acts of possession concerning the riverbed: fishing, swimming, dredging the bed for sand and gravel, and posting “no fishing-swimming” signs on the banks. No land titles encompassing the riverbed were introduced into evidence for establishing constructive possession under La.C.C. Arts. 3437, 3498. All of the plaintiffs testified it was commonly assumed in the community that their possession extended to the thread or middle of the river. The trial court rendered judgment in favor of plaintiffs, awarding them possession of the riverbed from their respective riparian tracts to the thread of the stream.
On appeal, defendant urges that the trial court erred in granting possession to plaintiffs because they failed to show the extent of their possession by enclosures.
POSSESSION WITHIN ENCLOSURES
Defendant correctly points out that since the plaintiffs did not introduce any titles for establishing constructive possession, they must base their claim on acts of corporeal possession of the riverbed. However, defendant contends that the plaintiffs’ possession of the riverbed must be within enclosures. Norton v. Addie, 337 So.2d 432 (La.1976).
Understandably, the record shows no evidence of fences or enclosures being placed in the bed of the river. But this does not defeat plaintiffs’ action. Although the jurisprudence has espoused the requirement of enclosures to show possession, the necessity of a fence, wall, etc., is not justified or supported by the Civil Code. Cheramie v. Cheramie, 391 So.2d 1126 (La.1980). Furthermore, the type of corporeal actions necessary to support possession depend on the nature of the land and the use to which the land is destined. Cheramie, supra; Hill v. Richey, 221 La. 402, 59 So.2d 434 (La.1952).
Here, the corporeal acts exercised by plaintiffs consist of swimming, fishing, posting signs, and dredging for sand and gravel. These actions are certainly consistent with the, nature and use of a riverbed. Therefore, we find no error in the trial court’s judgment declaring plaintiffs in possession of the riverbed.
DECREE
Accordingly, for the above-expressed reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Plaintiffs in the Harb suit are Dianne Horns-by Harb, James Huntington Odom, Elsie Odom Bristow, Perla Baillis Crosby, Maurine Tynes Jones, Betty Jo Bunch, Mary Jones Bellavia, Jimmy O. Jones, Wilbur W. Jones, Autry O. Jones, Leslie Lee Harvell, Edith Harvell Hart-ner, Ethel Harvell Dunn, Ruby Hubbs Powers, Clara Powers Zachary, Lucille Powers Carter, Betty Powers Bums, Margaret Renfroe Meyers Standfill, Maude Renfroe Day, Virginia Powers Lipsomb, Elizabeth Powers Geren, Marilyn Harvell DiDomenica, Robert A. Hartner, Perry G. Hartner, Teddy G. Hartner, Frank G. Dunn, Dorris Dunn Higgens, Joseph E. Dunn, Jr. and Leslie L. Dunn, Larry Gilbert Hatcher, Nancy Hatcher Wales, and Mary Kinchen Hatcher.

. Plaintiffs in the Chaney suit are Bailey E. Chaney, Otis Chaney, Plaquemine Sand and Gravel Co., Inc., H. Allen Thomason and Jeanette Guillory Thomason.